# Griel *v.* Lomax.

## *Action for Money Paid.*

1. *Assignment of executory contract of purchase; defect of title, as failure of consideration.*—A purchaser's interest in a tract of land, under an executory contract, may be transferred or assigned to another, and the assignment is governed by the same rule which applies to a sale of goods not in the possession of the seller; that is, the purchaser (or assignee) buys at his peril, and if he does not protect himself by a warranty, he can not,in the absence of fraud, defend an action for the purchase-money, nor recover it back if paid, on account of a defect of title, or failure of consideration.

2. *Same; fraud.*—If the assignee or sub-purchaser is induced to enter into the contract by a fraudulent misrepresentation or concealment of a material fact by the assignor or seller, this is a fraud in law, which renders the contract void, and he may recover back the purchase-money paid, with interest; as where the assignor, being one of the joint purchasers, conceals the fact that they were to give their joint notes for the purchase-money, and his co-purchasers refuse to execute notes jointly with the assignee, whereby the contract of purchase is never consummated

3. *Oral evidence varying writing.*—In an action to recover back the money paid on a transfer and assignment of an interest in land, evidenced by a writing signed by the assignor (defendant), which merely states that he transfers and assigns all his "right, title and interest to the land recently contracted for," and that the assignees assume all his liabilities; oral evidence can not be received as to a promise or agreement by the assignor, prior to the execution of the writings, or contemporaneous therewith, to refund the money if the assignees failed to acquire a deed for the land; and a subsequent promise to that effect, not supported by some new consideration, would be void.

4. *Demurrer to entire complaint, containing common counts.*—A demurrer to the entire complaint is properly overruled, when it contains the common counts, although the special counts are defective, there being no misjoinder of counts.

[Griel v. Lomax.]

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Tennent Lomax, P. C. Massie, and T. S. Sayre, against Jacob Griel, to recover $100, with interest, which the plaintiffs had paid to the defendant on a purchase of his interest in a lot or parcel of land in the town of Sheffield; and was commenced on the 21st June, 1887. The contract between the parties, as reduced to writing, was dated Montgomery, Jan. 6th, 1887, signed by said Griel only, and in these words: "For and. in consideration of $100 to me in hand paid, by Patrick Massie, T. Lomax, and T. S. Sayre, I, Jacob Griel, do hereby transfer and assign unto said Massie, Lomax and Sayre all my right, title and interest in and to that certain property recently contracted for by said Jacob Griel, C. L. Matthews, and J. C. O'Connell, to be conveyed by A. J. Moses, situated on Raleigh Avenue in the city of Sheffield, Colbert county, Alabama; and we ( ?) agree to assume all the liabilities of said Griel in and about said purchase." The original complaint contained the common counts for money paid, and money had and received, and also a special count, which alleged that plaintiffs paid $100 under said written contract; that defendant then and there promised and agreed to refund said money, if said contract between Moses and Griel and his associates should not be consummated by deed of conveyance within sixty days, and defendant should not, on its consummation, convey to plaintiffs an undivided one-third interest in said lot or parcel of land; that more than sixty days had elapsed, and the contract had not been consummated, nor the deeds delivered. The judgment-entry recites, that the defendant demurred "to the complaint," and that the court sustained the demurrer; but the demurrer copied into the transcript is addressed only to the special count. The plaintiffs then amended their complaint, by adding another special count; and the defendant then demurred "to the complaint as amended;" but his demurrer was overruled, and the cause was tried on issue joined, though the record does not show what pleas were filed.

On the trial, as appears from the bill of exceptions, the plaintiffs introduced C. L. Matthews and J. C. O'Connell as witnesses, each of whom testified that, in December, 1886, having bought a third interest in a lot or parcel of land in Sheffield, jointly with the defendant, from A. J. Moses, it was agreed that part of the purchase-money should be paid

[Griel v. Lomax.]

in cash, and their joint notes given for the balance; that conveyances were to be executed in the future, when said Moses had procured a deed from the Sheffield Land Company, his vendor; that afterwards, when the deeds were sent by Moses to Montgomery, defendant informed them that he had sold out his interest to plaintiffs, and that he would have nothing more to do with the matter; and that thereupon they, said Matthews and O'Connell, each refused to execute their notes jointly with the plaintiffs, and the contract with Moses was never consummated. The defendant objected to the admission of this evidence, as to what passed between them and the defendant after the contract with plaintiffs, and duly excepted to the overruling of his objections.

Sayre, one of the plaintiffs, testified on their behalf that, while the contract was being negotiated with defendant, he told them that they would have to pay for one-third of the purchase-money due Moses, partly in cash, and the balance by their notes, but did not tell them that he was bound to give his notes, jointly with Matthews and O'Connell, for the purchase-money unpaid; that before the writing was signed, or the check for the $100 was delivered, on his representing that plaintiffs might not get a deed, "defendant said, that he would guarantee that it would be all right, and that he would refund the money if they got no deed;" and that afterwards, when the writings had been signed and delivered, as the parties were going down the stairway together, defendant repeated these statements. Lomax, another one of the plaintiffs, testified the same in substance, as to the statements and promises of the defendant. Exceptions were duly reserved by the defendant to the admission of each part of this testimony.

This being all the evidence, the court charged the jury, that they must find for the plaintiffs, if they believed the evidence. The defendant excepted to this charge, and he here assigns it as error, together with the overruling of his demurrer to the amended complaint, and the rulings on evidence above stated.

ARRINGTON & GRAHAM, for appellant, cited *Town Council v. Burnett*, 34 Ala. 400; *Welch v. Mayor*, 48 Ala. 291; *Town Council v. Keller*, 1 Ala. 406; *Beene v. Collenberger*, 38 Ala. 647.

GEO. M. MARKS, *contra*, cited *Robinson v. Bullock*, 66 Ala. 548; Add. Contracts, § 316.

[Griel v. Lomax.]

SOMERVILLE, J.—The right acquired by a vendee of land under a valid executory contract of purchase, is a valuable legal right, capable of being sold and assigned to a sub-vendee; and such assignment will constitute a sufficient consideration to support a promise on the part of the purchaser to pay money. It is nothing more than the familiar case of an assignment of a contract to purchase land.—2 Addison Contr. (Morgan's Amer. Ed.), § 532; *Meyer v. Mitchell*, 75 Ala. 475; 1 Amer. & Eng. Encyc. Law, pp. 826-27, 842-43.

The interest acquired in the land by Griel, under the contract of purchase by Moses, was *prima facie* a valuable consideration, sufficient to support the promise of the appellees to pay therefor a pecuniary consideration in return.

If there was no fraud in the sale—either by intentional misrepresentation or concealment of some material fact by the vendor, or assignor, Griel—the purchasers, had they been sued for the purchase-money, could not have set up as a defense to the action the defective title of such vendor, by way of a failure of consideration. The contract purports, on its face, to be nothing more than the transfer and assignment by Griel to Lomax and his associates of all of the assignor's "right, title and interest" in a certain piece of real property, which one Moses had contracted to sell and convey to said Griel, and two other named persons as his co-vendees. There are no words of warranty used, and no covenant of seizin or of future enjoyment is stipulated for in the contract of assignment. Where this is the case, the rule is the same in the sale of an interest in land, as of goods where the vendor is out of possession. The doctrine of *caveat emptor* applies, and the buyer, having neglected to protect himself by a warranty, in the absence of fraud, will be held by the court to have purchased at his peril. The rule was so stated by Chancellor KENT, in *Frost v. Raymond*, 2 Caines, 188; s. c., 2 Amer. Dec. 228, decided as far back as 1804, where it is shown that the same principle prevailed in England, and it is now fully supported by authority in this country. In *Roswall v. Vaughan*, 2 Cro. 196, in the court of Exchequer, it was said, "that if one should sell lands wherein another is in possession, or a horse whereof another is possessed, without covenant of warranty for the enjoyment, it is at the peril of him who buys, and not reason that he should have an action by the law, where he did not provide for himself." Chancellor KENT quotes and approves this case, and also

[Griel v. Lomax.]

cites the case of *Medina v. Stoughton*, 1 Salk. 211, where Lord Holt observed, that "if the seller of goods have not the possession, it behooves the purchaser to take care, *caveat emptor*, to have an express warranty, or a good title; and so it is in the case of land, whether the seller be in or out of possession, for the seller can not have them without a title, and the buyer is at his peril to see to it." So, in the case of *Bree v. Holbeck*, Doug. 654, it was ruled by Lord Mansfield, in the court of King's Bench, that an action would not lie to recover back money paid for the purchase of a mortgage deed, which afterwards turned out to be a forgery, the assignment containing no warranty for the goodness of the title. It is unnecessary that we should indorse the soundness of the latter ruling. The case is entirely distinguishable from that of one who has contracted to sell and convey a particular interest or estate in land, and it turns out that the vendor is unable for want of title to transfer such interest or estate, pursuant to his agreement. The purchaser being evicted, or being out of possession, has been held entitled in such case to recover back the purchase-money, on the ground that the vendor had never transferred to him that which he had agreed to sell, and the vendee had agreed to buy.—2 Add. on Contr. § 533; *Cooper v. Singleton*, 70 Amer. Dec. 33; *Note*, p. 340. The rule may, in other words, be stated to be, that when one purchases an interest in land, whether legal or equitable, and *there is no fraud* in the sale, and the purchaser has neglected to protect himself by taking covenants, he has no remedy, upon failure of title, either at law, or in a court of equity.—*Abbott v. Allen*, 2 John. 519; s. c., 7 Amer. Dec. 554, and *Note*, p. 558; *Cullum v. Branch Bank*, 4 Ala. 21; s. c., 37 Amer. Dec. 725, and *Note*, p. 738; *Tobin v. Bell*, 61 Ala. 125; *Strong v. Waddell*, 56 Ala. 471; *Woodruff v. Bunce*, 9 Paige, 443; s. c., 38 Amer. Dec. 559; 2 Addison Contr. § 533.

The sale, or assignment, made by Griel to appellees, of "his right, title and interest" in the land agreed to be sold by Moses to Griel, Matthews and O'Connell, transferred whatever interest the assignor owned without warranty of title, or covenant for future enjoyment.

It is insisted, however, that there was fraud in the sale on the part of Griel—that he intentionally concealed from his vendees the material fact, that *joint* notes for the purchase-money were to be executed by him and his associates, Matthews and O'Connell, to Moses, as one of the conditions

[Griel v. Lomax.]

of the purchase. If this be true, and the appellees were induced to enter into the purchase by reason of a deceit practiced on them, such as constituted a legal fraud, the contract of sale would be void, and the plaintiffs would be entitled to recover the money paid by them under the contract, with interest. The question of fraud *vel non* is one for the jury, under proper instructions from the court.

The effect of the oral evidence offered by the plaintiffs, showing a promise by Griel to return the money in the event Moses failed to make the deed to the plaintiffs, and to guaranty that "it would be all right", was to vary the legal purport of the written assignment, as we have above construed it, and such evidence, therefore, was inadmissible, and should have been excluded. While parol declarations, contemporaneous with the contract, are often admissible to explain the consideration, the courts are careful to restrain such evidence to its legitimate office of proving a mere failure, illegality, or other like feature of the consideration; and will not, in the absence of fraud, allow it to "destroy the binding efficacy of the written contract, by varying its effect."—*Long v. Davis*, 18 Ala. 801. While parol evidence is always admissible in actions *ex delicto*, or in defenses based on the tort or deception practiced by a false warranty, fraudulently given by one contracting party for the purpose of inducing the other to consent to the bargain, the rule is different in actions *ex contractu*, where the question of fraud does not arise. In this class of cases, oral evidence of a warranty, where the written contract contains none, is not admissible, because "its effect is clearly to vary the terms of the written instrument, by superadding another term or condition not expressed by the parties."—*Tabor v. Peters*, 74 Ala. 90; s. c., 49 Amer. Rep. 804; 1 Pars. Contr. *589-590; 1 Addison Contr. § 629.

Such, in our opinion, was the effect of the testimony of the witnesses Sayre and Lomax, touching the point under consideration. Any oral promise to guarantee his title, made by Griel, prior to or contemporaneously with the delivery of the written contract, must be considered as merged in the writing. And any such promise, made *after* the delivery of such contract, would be void, unless supported by some new consideration, other than that named in the writing.

What occurred between defendant (Griel) and Matthews, or between Griel and O'Connell, after the execution and

[Thomas v. St. Paul's M. E. Church.]

delivery of the written assignment of Griel's interest in the land to the plaintiffs, was relevant to show the materiality of the fact, that the original vendees from Moses were to execute *joint* notes for the purchase-money. If this was true, and Griel fraudulently concealed the fact from his vendees, Lomax and associates, the refusal of Matthews and O'Connell to unite with them in consummating the purchase, or to have anything further to do with the transaction, was a fact greatly prejudicial to the plaintiffs, and admissible in evidence to show a miscarriage of the whole enterprise, by reason of the very fact whose existence and concealment is the sole basis of the alleged fraud.

Under these views, the court erred in giving the general affirmative charge requested by the plaintiffs, and in admitting the evidence above pointed out as being irrelevant and illegal.

The demurrer, as shown by the judgment-entry, is taken to the entire complaint, as amended, and not to any particular count supposed to be defective. The complaint contained the common counts, in the form prescribed by the Code; and for this reason there was no error in overruling the demurrer.—*Tabler v. Sheffield L. I. & C. Co.*, 79 Ala. 377; s. c., 58 Amer. Rep. 593.

Reversed and remanded.