# Dexter *v.* Ohlander.

*Action on Written Contract for Payment of Money.*

1.  *Sufficiency of complaint; contract within statute of frauds.*—In declaring on a contract which is within the statute of frauds, it is not necessary to aver a compliance with the provisions of the statute, the question of compliance properly arising on the proof.

[Dexter v. Ohlander.]

2. *Same; as to consideration of contract.*—In declaring on a promise in writing to pay a specified sum of money, in consideration of plaintiff's relinquishment or surrender of a lease executed to him by a third person, it is not necessary to aver that he had such an estate or interest in the premises as would support an assignment, relinquishment, or surrender; this going to the consideration of the promise, and presenting a question which arises on the evidence only.

3. *Same; written promise for payment of money.*—In declaring on a writing signed by defendant, which acknowledges his receipt of plaintiff's relinquishment of a lease, "for consideration of $150 to be paid him in ten days," alleging his failure and refusal to pay, it is not necessary to aver that he made an express promise to pay.

4. *When sworn plea is necessary.*—In an action on a written promise to pay a sum of money unconditionally, a plea alleging that the payment was subject to a condition, which was never performed, must be verified by affidavit (Code, § 2770), since, in effect, it denies that the writing is the contract between the parties.

5. *Writings construed together, as parts of one contract.*—Two writings executed by the parties on the same day, each as the consideration of the other, and relating to the same subject-matter, constitute but one transaction, and are to be construed together as parts of one contract.

6. *Oral evidence explaining or varying writing.*—In the interpretation of the written contract sued on, by which defendant promised to pay plaintiff $150 in consideration of his relinquishment or surrender of a lease of certain premises, in connection with a writing signed by plaintiff at the same time, by which, in consideration of the money to be paid him as promised, he agreed "to surrender and give up all my [his] right and claim to said premises" under said lease; oral evidence is admissible to show the situation of the property at the time, the circumstances surrounding the parties, and the objects they had in view; as, that plaintiff was in possession of the premises, claiming to hold under a lease for five years; that the defendant, a real estate agent, was acting as agent for the lessor, and also for a committee or syndicate who were negotiating for a purchase of the property for church purposes, and that they were seeking to get rid of plaintiff's lease and possession, so that the sale might be consummated, and possession delivered under it. But it can not be received to contradict the terms of the writings, or to add a new stipulation or condition; as, that defendant's liability for the money promised to be paid was contingent, and dependent on the consummation of that contract.

7. *Construction of contract for payment of money, in consideration of "relinquishment of lease," or "right and claim" under it; proof of unnecessary averments.*—In an action on a written promise to pay $150, in consideration, as therein expressed, of plaintiff's "relinquishment of his lease" of certain premises, of which he was in possession under an alleged lease for a term of years; or, as expressed in the writing signed by plaintiff, of "all right and claim to said premises under said lease;" the validity of the lease, or the term for which it is valid, is not an element of plaintiff's right to recover; it is immaterial whether his relinquishment was a technical surrender of the lease, an assignment of it to the defendant, or merely a general divestiture of plaintiff's rights under it; nor is it necessary for him to show that he surrendered the possession to the defendant. Yet, having alleged in his complaint that he agreed to surrender, and did surrender, the lease and possession to the defendant, these averments become material, and he can not recover without proving them.

8. *Contract of agent, in excess of authority.*—An agent is personally liable on a contract made by him in excess of his authority, although the fact of his agency was known to the other party.

[Dexter v. Ohlander.]

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by A. Ohlander, against R. P. Dexter, to recover the sum of $150, with interest from September 6th, 1887, as agreed to be paid in and by a written instrument signed by the defendant, dated August 27th, 1887, which is copied in the opinion of the court. The complaint contained two counts, as follows: (1.) Plaintiff claims of defendant $150, with interest, &c., "due to plaintiff from defendant on an agreement made between them on, to-wit, August 27th, 1887, by which defendant promised to plaintiff, in consideration of the surrender by plaintiff of a certain lease held by him on certain premises," describing them, "to defendant, that he, said defendant, would pay to plaintiff $150, within ten days from said date, and would permit plaintiff to retain possession of said premises, free of rent, until the 1st November, 1887; and plaintiff avers that he surrendered said lease to defendant, and moved out, and gave up the possession of said premises on the 1st November, 1887, according to the terms of said agreement, but that defendant fails and refuses to pay," &c. (2.) "Plaintiff claims of defendant the further sum of $150, for that whereas, on and before the 27th August, 1887, plaintiff was in possession of the house and lot," describing the premises, "under and by virtue of a certain lease before that time executed by and between plaintiff and one Louis Lawall; by which said lease, plaintiff, for a valuable consideration, became entitled to the possession of said property from the 1st day of July, 1887, to the 1st day of June, 1892; that on said 27th August, 1887, defendant and plaintiff entered into a contract, by which plaintiff, for and in consideration of occupying said premises until the 1st day of November, 1887, and the sum of $150 to be paid in ten days after said 27th August, 1887, agreed to relinquish, and did relinquish to said defendant, plaintiff's said lease from said Lawall; and defendant executed, in accordance with said contract, and delivered to said plaintiff, a paper of which the following is a copy," setting out the written instrument; "and plaintiff avers that, in accordance with said contract, he did relinquish his said lease, and, on the 1st day of November, 1887, surrendered the possession of said premises to the defendant, and moved away from the said premises, but defendant has failed and refused to pay," &c.

The defendant demurred to each count of the complaint,

[Dexter v. Ohlander.]

" because it does not appear that said Lawall assented to said alleged relinquishment or surrender;" and to the first count, (1) because it sets up a contract for the sale of an interest in lands, and does not show that said contract was in writing; (2) because it sets up a lease, and does not show that said lease was in writing; and (3) because it does not show that defendant had any reversionary interest in the leased property, or other interest which would support a surrender of it to him.    The following specific assignments of demurrer were made to the second count:    (1) because it alleges a lease for five years, and does not show that said lease was in writing; (2) because it shows a contract between plaintiff and Lawall which was not to be performed within one year, and does not show that said contract was in writing; (3) because it does not show that plaintiff had an assignable interest in the premises; (4) because it does not show that he ever executed a valid relinquishment of the alleged lease; (5) because it does not show any promise by defendant to pay said sum of money, or any other sum; and (6) because it does not show that defendant had a reversionary interest in the premises, or any other interest which would support said alleged relinquishment.    The court overruled the demurrer, and the defendant then pleaded, "in short by consent," (1) the general issue; (2) want of consideration; (3) "that plaintiff had no valid lease;" (4) a special plea alleging that an association of persons desired to purchase the property from Lawall for church purposes, and instructed defendant, as their agent, to ascertain whether plaintiff "would surrender or relinquish his said lease in the event of a purchase of said property by said association; that it was finally agreed between all the parties that said association, or individuals composing it, would pay said Ohlander $50, and said Lawall would pay him $100, for the surrender of said lease, provided, and in the event that said purchase should be concluded; that defendant thereupon had an interview with plaintiff, for the purpose of ascertaining whether he would surrender his lease on said terms, and plaintiff thereupon delivered into possession of defendant, at his request, and as an assurance to said association that he would surrender his lease in the event they should conclude the purchase of said property, a written instrument, or statement, in the following words," setting out the second instrument copied in the opinion of the court; "that he, defendant, thereupon signed, and delivered to plaintiff, the

written instrument set forth in the second count of the complaint, simply as a receipt to plaintiff for the written agreement he had given to defendant as aforesaid, and which was only to be binding on plaintiff in the event that said property should be purchased as aforesaid within ten days from that date, all of which plaintiff well knew and understood. And defendant avers, that said purchase was not made by said association, and that plaintiff's said agreement was never delivered, and never became binding on him." The court sustained a demurrer to the third and fourth pleas, and issue was joined on the others.

The bill of exceptions purports to set out all the evidence introduced on the trial, the substance of which is stated in the opinion of the court; and it also states the several exceptions reserved by the defendant to rulings on evidence. The defendant also excepted to several charges given by the court, and to the refusal of several charges asked by him, as follows:

*Charges given and excepted to:* (1) "The writing sued on is an undertaking by defendant to pay plaintiff $150." (2.) "It makes no difference in this case, whether the plaintiff surrendered the possession of the premises to the defendant, or to any one else." (3.) "No condition, not expressed in the writing, can be used to defeat the binding obligation of the writing sued on."

*Charges asked and refused:* (2.) "A surrender of such lease as described in the complaint must be in writing, and executed as a deed; and if the evidence does not show such surrender by defendant to plaintiff, they must find for the defendant." (3.) "If the jury find that defendant did not surrender the lease and the possession of the property to the defendant, they must find for the defendant." (4.) "If the jury find from the evidence that the defendant delivered possession of the property to Knabe & Scott, as agents of Lawall, they must find for the defendant." (5.) "Under the allegations of the complaint, it is incumbent on plaintiff to show that he surrendered the possession of the property to the defendant." (6.) "If the jury believe from the evidence that the written instrument sued on was made and signed by defendant for an association of persons, and not for himself; and that plaintiff, at the time the agreement was so made and signed, knew that it was intended by defendant as and for the agreement of such association,—then they must find for the defendant." (7.) "The

[Dexter v. Ohlander.]

lease contracted to be surrendered by plaintiff, was a lease
for five years; and if defendant contracted for the surrender
of a lease for five years, he is not liable, unless the jury find
from the evidence that plaintiff had a valid lease for that term,
and that he surrendered the same to the defendant."
(8.) "If the jury believe from the evidence that the prop-
erty was leased by plaintiff from Lawall, and that it belonged
to Lawall's wife; then, the lease, to be valid for five years,
must be in writing, and signed by Lawall and his wife; and
unless such lease is shown, the jury must find for the de-
fendant."　　(9.) "If the jury believe from the evidence that
the agreement sued on was intended by defendant as a prom-
ise on behalf of an association of persons to pay said sum
to plaintiff on conditions or contingencies which have never
happened; and that plaintiff, at the time said agreement was
made, knew that it was made with such intention, and ac-
cepted the same, and such conditions or contingencies were
never performed,—then they must find for defendant."
(10.) "If the jury believe the evidence, they must find for
the defendant."

The rulings of the court on the pleadings and evidence,
the charges given, and the refusal of the charges asked, are
now assigned as error.

THORINGTON & SMITH, for appellant, cited Taylor's Land-
lord & Tenant, §§ 507-08; Greenhood's Public Policy, 306,
Rule 266; 2 Add. Contracts, §§ 516, 520, 533; T. & C.
Railroad Co. v. East Ala. Railway Co., 73 Ala. 426; Griel
v. Lomax, 86 Ala. 132; Chandler v. Jost, 　　 Ala.

WATTS & SON, and E. P. MORRISSETT, contra, cited Per-
rine v. Leachman, 10 Ala. 140; Martin v. Wharton, 38 Ala.
637; Rigby v. Norwood, 34 Ala. 129; Campbell v. Larmore,
84 Ala. 499; 1 Greenl. Ev., §§ 60-67.

McCLELLAN, J.—The plaintiff, who is appellee here,
had judgment below on an obligation of the appellant
(hereinafter referred to as the defendant), which was evi-
denced by the following writing:　"Montgomery, Ala., Aug.
27th, 1887.　I have received from Mr. A. Ohlander a re-
linquishment to his lease with L. Lawall, for consideration
of one hundred and fifty dollars, to be paid him in ten days,
and use of the premises until Nov. 12th, 1887, free of rent."
Signed, "R. P. Dexter."

[Dexter v. Ohlander.]

The relinquishment here referred to is in the following terms: "In consideration of one hundred and fifty dollars, to be paid to me within the next ten days, and to allow me to continue the use of the store-house on the northwest corner of Dexter avenue and Bainbridge street, for the use of storing furniture, until Nov. 1st next, free of charge, I agree to relinquish and give up all my right and claim to above mentioned store-house, that I have by virtue of a five years lease with Mr. L. Lawall. Montgomery, Ala., August 27, 1887." Signed, "*Aug. Ohlander.*"

The complaint failed to aver that either the lease or plaintiff's relinquishment or surrender of it was in writing, and demurrers were interposed to each of its two counts, on this ground. These demurrers were properly overruled. Granting defendant's position, that both of these contracts were required by the statute of frauds to be in writing, and conceding that the declaration is upon the lease and the relinquishment of it, the authorities are uniform, that the fact need not be alleged, but is a matter which properly arises on the proof.—*Perrine v. Leachman*, 10 Ala. 140; *Rigby v. Norwood*, 34 Ala. 134; *Martin v. Wharton*, 38 Ala. 637.

It was further demurred, that the complaint did not show such an interest or estate in the premises covered by the lease in the defendant, as would support an assignment, relinquishment, or surrender of it. This went to the question of what the defendant received for the liability he incurred —the consideration for his contract—and is also a question arising on the evidence.

The second count sets out the written obligation copied first above, as in part the foundation of the cause of action; and was demurred to, on the ground that no promise of the defendant to pay the sum therein specified was shown. It is not essential that there should have been an affirmatively expressed promise to pay. It is sufficient if words are used which would be tantamount to a promise, express or implied. *Rice's Adm'r v. Rice*, 68 Ala. 216. The instrument might have been declared on as a promissory note, though differing in some respects from the form usually employed. Story Prom. Notes, § 14; *Russell v. Whipple*, 2 Cowen, 536; *Wardwell v. Sterne*, 22 La. An. 28.

The obligation imports an absolute promise to pay a sum certain to the plaintiff within a given time. The special plea undertook to set up a defense resting upon a condition to its obligatory force, of which there is no hint in either of

[Dexter v. Ohlander.]

the writings set out. This was in effect to say, that the contract as written was not the contract as agreed upon between the parties; and involved the necessity of interposing the defense by a sworn plea, which was not done. Plaintiff's demurrer to this plea was correctly sustained.—Code, § 2770; *Lazarus v. Shearer*, 2 Ala. 718; *Campbell v. Larmore*, 84 Ala. 499.

The relinquishment of the plaintiff, and the defendant's obligation to pay therefor, having been, as the evidence shows, executed on the same day, each as the consideration of the other, constitute one transaction, and are to be construed as one and the same contract.—*Carr v. Hays*, 25 Cent. Law Journ. (Ind.), 32; *Herbst v. Low*, 65 Wis. 316; *St. L. & I. M. R. R. Co. v. Brider*, 45 Ark. 17. In the interpretation of the agreement thus evidenced, it was competent for the court below to take such oral testimony as tended to put it in the position, and give it the point of view occupied and had by the parties themselves in the execution of the contract.—*T. & C. R. R. Co. v. E. Ala. R. R. Co.*, 73 Ala. 426; *Griel v. Lomax*, 86 Ala. 132. Upon this principle, evidence was properly admitted to the effect, that the plaintiff was in possession of a certain house and lot under what was nominally a five years lease from Lawall; that both the defendant and Lawall desired to free the lot from this lease, and to induce the plaintiff to surrender the possession, to the end that it might be sold to a syndicate for the Methodist Episcopal Chuch, and possession given under the sale; and that the defendant acted in the premises as the agent of Lawall and of the syndicate, either or both. All of these facts served to enlighten the court as to the intent of the parties, and to aid in its construction of their agreement, by advising it of their positions towards each other and the property, and of their objects and purposes. So advised, it was for the court to determine what was meant by the two writings which constituted the contract. But here the office of parol testimony ceased. It could not be looked to to import terms and conditions into the writings which were repugnant to the expressions of the papers themselves, nor to vary, add to, or take from the language employed, as construed in the light of attendant circumstances; and the court properly excluded the evidence offered by the defendant, to the effect that his liability was to depend on the consummation of a sale of the property which was then imminent. Authorities *supra; Pollard v. Pollard*, 28 Ala. 321; *Chambers v. Ringstaff*, 69 Ala. 140; *Griel v. Lomax*, 86 Ala. 132.

When reference is thus had to the situation of the parties, and the ends they intended to accomplish, it becomes apparent that the real character of the lease, under which the plaintiff held, does not enter into the issue. Whether it was valid or invalid; or really, as well as nominally, for five years, or for a month less than that term; or, by reason of the title being in the wife of the nominal lessor, was efficacious for one year instead of five, are immaterial inquiries. The plaintiff had possession under it, and claimed as for a term of five years; it was treated and described in the negotiations, and in the writings in which these culminated, as a lease for five years; it was contracted to be relinquished, not as a valid lease for any period of time, but specifically as a lease which the plaintiff had "from Mr. L. Lawall," which lease on its face designated a term of five years; and it was this lease, regardless of its latent invalidity, or of any infirmity dependent upon extraneous facts, which would operate to defeat the term, in whole or to any less extent, and the plaintiff's possession under it, which stood in the way of the contemplated sale and delivery of possession to the church; it was the "right and claim" of the plaintiff under this paper, whatever its legal effect, the relinquishment of which was essential to the ends in view, induced the contract, and formed a sufficient consideration for the defendant's liability.—*Sykes v. Chadwick*, 18 Wall. 141.

So far as the abstract rights of the parties under the writings are concerned, we regard it as immaterial, whether the plaintiff's relinquishment was technically a surrender of the lease, or an assignment to the defendant, or merely a general divestiture of his rights. And if it be considered an assignment to the defendant, it is not important whether its effect was to vest the lessee's rights in the assignee. If the plaintiff's testimony is true, the defendant acted as Lawall's agent in the transaction; and in that view, the relinquishment was an effort to surrender the lease. If defendant's version is the correct one, he represented the proposed purchaser and, in some sort, Lawall also, as the latter was privy to the arrangement, and was to pay half the sum plaintiff was to receive. Whatever the real fact in this connection may be, it seems assured, from every point of view, that the whole purpose and effort of the defendant was to get the lease out of the way, so that a sale might be effected, either by him, as the agent of the owner, or to him as the agent, as well as one of the syndicate; and that the

[Dexter v. Ohlander.]

contract which he induced the plaintiff to enter into had the desired effect of removing the outstanding lease and possession under it, out of the path of the pending negotiations. What the removal of these obstacles availed the defendant, is beyond the inquiry as to the *status* and rights of the parties under the writings they respectively executed. The obligation of Dexter is supported by considerations of detriment to Ohlander, and also by the facts that the extinguishment of the lease and the abandonment of the possession under it, whether the defendant was eventually benefitted thereby or not, were the things which he contracted and agreed to pay for, and which he, at the time, conceived to be valuable to him as elements of success in the pending sale. Therefore, to the cause of action shown by the proof it was not essential that plaintiff should have technically surrendered the lease to defendant, or should have assigned it to him, or relinquished it in the sense of vesting his rights under it in the defendant; nor was it necessary for the plaintiff to have surrendered the possession to defendant. Yet, the plaintiff, in the first count of the complaint, alleges, and thus assumes the burden of proving, that he agreed to surrender, and did surrender the lease to the defendant; and in the second count, it is negatively alleged that the contract there declared on required a surrender and delivery of possession to the defendant, and that plaintiff, in compliance with this contract did so surrender possession to Dexter. The plaintiff thus took upon himself to prove these facts, which we think are not material to his rights in the abstract, but only as he has asserted them. If he failed to prove a surrender of the lease to the defendant, he is not entitled to recover under the first count; if he failed to prove a surrender of the possession to defendant, he was not entitled to recover under the second count; and if the jury had found that he had surrendered neither the lease nor the possession to the defendant, he was not entitled to recover at all.—*A. G. S. R. R. Co. v. Mt. Vernon Co.,* 84 Ala. 173; *M. & E. Railway Co. v. Culver,* 75 Ala. 587.

The special charges asked by the defendant in this connection were bad, because they did not go to the whole case, and were not, in terms, confined to that part of the case to which they severally applied. Thus, charge No. 2 demands a verdict for the defendant generally, if the jury should find that there had been no surrender of the *lease,* when, under the second count, proof of such a surrender was not neces-

[Dexter v. Ohlander.]

sary to a recovery. Charges No. 4 and 5, on the other hand, base defendant's right to a verdict, under both counts, on a failure to prove delivery of possession to him, notwithstanding plaintiff, as we have seen, was entitled to recover on the first count without surrendering possession to defendant. Charge No. 3 appears to have been an effort to avoid the infirmities just noted in the other requests for instructions. Its language is: "If the jury find from the evidence that Ohlander did not surrender the lease and the possession of the property to Dexter, then they must find for the defendant." This charge is open to the criticism, that it would have denied the plaintiff a verdict, unless he proved the surrender of *both* the lease and the possession, although, under either count, his right to recover depended on proof of *only one* of these facts. That part of the court's general charge, which asserts that, "In this case, it makes no difference whether plaintiff surrendered possession of the premises to the defendant or to any one else," goes to the other extreme; it is too broad. Had its application been confined to the first count, it would have been unobjectionable; but it goes to both, and obviates the necessity which the plaintiff was under to prove delivery of possession under the second count. Perhaps, it may be considered as misleading only, and, if so, defendant should have asked an explanatory charge limiting its operation. This we deem unnecessary to decide, however, as the case must be reversed on another ground, and this question is not likely to occur on another trial.

The affirmative charge requested by the defendant should have been given. There is no evidence in support of the plaintiff's averment of a surrender of the lease, by which, construing the pleadings most strongly against him, he must be held to have alleged a technical surrender. This is fatal to recovery on the first count. And there is no evidence of a surrender of possession to the defendant, which is fatal to a recovery under the second count. The affirmative charge covered both points of course, and its refusal was error, for which the judgment must be reversed.

The undertaking on its face was the individual contract of R. P. Dexter. In the transaction, he may have acted as the agent of the syndicate, and this fact may have been known to the plaintiff; yet he may have exceeded his agency (indeed, his own testimony shows that he did exceed the powers conferred upon him by his associates, in that they only agreed to a conditional promise, whereas the promise

[Ohmer v. Boyer.]

he made was an absolute one), and in that event he would be personally liable. The charge requested on this part of the case pretermitted inquiry as to excess of authority, and for this reason, if not on other grounds, was properly refused.—*Drake v. Flewellen*, 33 Ala. 106; *Bell v. Frazer*, 85 Ala. 215.

There was no inquiry submitted to the jury, upon which the evidence offered by the plaintiff, to the effect that the Methodist Church was, at the time of trial, in possession of the property out of which this controversy arose, could have legitimately shed any light. It was impertinent, and should have been excluded.

Reversed and remanded.