# Wurtzburger *v.* The Anniston Rolling Mills.

### Action on Subscription for Stock in Corporation.

1. *Parol agreement merged in writing.*—All verbal agreements, prior or contemporaneous, are merged in a writing signed by the parties which does not mention them; and therefore, in an action on an unconditional subscription to stock in a corporation, parol evidence can not be received to show an agreement between the parties, prior or contemporaneous, that the subscriber should not be bound to pay anything on his subscription, but should only lend the use of his name to effect the organization of the corporation.

APPEAL from the City Court of Anniston.
Tried before the Hon. B. F. CASSADY.

GORDON MACDONALD, for appellants.

BLACKWELL & KEITH, *contra.*

McCLELLAN, J.—This action is for deferred installments of an amount subscribed by Wurtzburger to the capital stock of the Anniston Rolling Mills. The subscription was in writing. The defendant, in addition to the general issue, pleaded that he did not make the contract of subscription laid in the complaint, did not authorize any one to make such subscription for him, and that it was never understood or agreed between plaintiff and himself that he should take or subscribe for stock in said company as alleged; but that it was agreed between them, at the time he signed the book of subscription for said stock, that said stock was not to be issued to him, nor was he to be bound on said subscription, but that it was then and there agreed that his said alleged subscription was merely for the purpose of getting his name to assist in the promotion of the company, and upon this condition and understanding alone he signed said subscription. To this plea plaintiff replied, that the agreement set forth in the plea was prior to or contemporaneous with the signing of the written agreement upon which the suit is based, and that said alleged agreements and understandings were oral; that after they were had or made the defendant signed the written contract sued on, and that therefore the alleged oral agreements were merged in the

[Griel v. Lomax.]

.writing. A demurrer was interposed to this replication, and over-ruled, and judgment rendered on the evidence. The only assignment of error here goes to the action of the court upon this demurrer. We think that ruling was entirely proper. The fact that the contemporaneous agreement relied on in the plea lay in parol, destroyed its efficacy as a defense to the action on the written contract; and the replication alleging this fact was a perfect answer to the plea, on the familiar doctrine, that "when a contract is reduced to writing, all oral agreements, whether prior or contemporaneous, are merged in it, and considered as waived; and parol evidence of them can not be received to vary the legal import of the writing."—*Crescent Brewing Co. v. Handley*, 90 Ala. 486; *Pollard v. Maddox*, 28 Ala. 321; *Chambers v. Ringstaff*, 69 Ala. 140; *Griel v. Lomax*, 86 Ala. 132; *Dexter v. Ohlander*, 89 Ala. 262.

Affirmed.