[Garner v. Fite, Porter, Lyles & Co.]

## Garner *v.* Fite, Porter, Lyles & Co.

*Action on Promissory Note, by Payee against Maker.*

1. *Delivery of note in escrow, or subject to condition subsequent.*—In an action on a promissory note expressing an uncond:tional promise to pay money, parol evidence can not be received to show that it was delivered to the payee in escrow, or subject to a condition subsequent which was never performed; as that it was executed under an agreement between the maker and his several creditors, which was to be signed by all of them, providing for an extension of their several debts, and that it was never signed by all of the creditors.

APPEAL from the Circuit Court of Chilton.
Tried before the Hon. JAS. R. DOWDELL.

This action was brought by Fite, Porter, Lyles & Co., suing as a partnership, against John Garner and his wife, and was commenced on the 4th February, 1888. The action was founded on three promissory notes executed by the defendants, which are not set out in the record, but which are described in the complaint as being for $333.92 each, dated December 15th, 1886, and payable respectively on the 15th September, 15th October, and 15th December, 1889 [1887?] with interest from date, and each containing a waiver of exemptions. Mrs. Garner pleaded her coverture, and was discharged. John Garner interposed a special plea, verified by affidavit, averring that during the year 1886, being engaged in business as a merchant at Clanton, he became indebted to plaintiffs and other creditors in large sums for goods bought by him from them, and being embarrassed and unable to meet his indebtedness as it matured, and believing that he could discharge it if he could procure indulgence from his creditors, "he applied to them for an extension of their several claims; and after negotiations duly entered into between him and them for that purpose, an agreement in writing was drawn up at the instance of some of said creditors, said plaintiffs among the number, whereby said creditors agreed and bound themselves to extend the time of payment of their several claims until September 15th, October 15th, and November 15th, 1887, provided defendant and his wife would execute and deliver to said creditors their joint promissory notes, with waiver of all claim of exemption, in satisfaction of said several claims; and provided further that all the creditors of said John Garner

[Garner v. Fite, Porter, Lyles & Co.]

would join in said agreement, a copy of which is hereunto attached as Exhibit A, and made a part of this plea. And defendant further avers, that said agreement was never signed or assented to by all of the then creditors of said Garner, and the terms and conditions therein set forth have never been fully complied with by said creditors. And defendant further avers, that while said Garner was proceeding to have said agreement submitted to the remainder of his creditors, for the purpose of obtaining their assent and signatures, he, at the request of some of the creditors who signed the same, including these plaintiffs, executed joint notes with his wife as described in said agreement, and forwarded the same to such of his creditors as had asked for them as aforesaid, including plaintiffs; but said notes were so executed and delivered subject in all respects to the terms and conditions of said agreement, and, among others, to said condition that all of the creditors should sign said agreement, and which defendant avers has never been done."

The agreement set out as Exhibit A is dated November 18th, 1886, purports to be signed by plaintiffs and fourteen other mercantile firms of Nashville, Tennessee, and is in these words: "We, the undersigned, creditors of John Garner & Co., of Clanton, Alabama, hereby agree and bind ourselves that, provided all the creditors of said firm join in this agreement, if said John Garner and wife will execute to us their promissory notes, waiving all exemptions secured to them by the constitution and laws of Alabama, that we will extend the time of payment of our respective debts to Sept. 15th, Octo. 15th, and Nov. 15th, 1887."

The court sustained a demurrer to this plea, on the following ground with others: "(7.) The facts stated in said plea show that defendant waived any and all conditions in said alleged agreement, as to all the other creditors signing the same, by executing and delivering to plaintiffs the notes here sued on."

The judgment on the demurrer is here assigned as error.

W. A. COLLIER, and WM. S. THORINGTON, for appellant, cited *Heyer v. Bromberg,* 74 Ala. 529; *Nat. Bank v. Dawson,* 78 Ala. 70; Bishop on Contracts, § 803.

JONES & FALKNER, *contra.*

WALKER, J.—The substance of the matters set forth in the special plea is, that, by the written agreement entered into some time prior to the execution of the notes sued on, plain-

[Garner v. Fite, Porter, Lyles & Co.]

tiffs and other creditors promised to grant extensions on their claims if all the creditors would do the same, and if the defendant with his wife would execute their joint notes, waiving exemptions, to the several creditors for the debts due them; that all the creditors did not agree to this arrangement; that, nothwithstanding this, defendant with his wife executed and delivered the notes sued on, subject to the terms and conditions mentioned in said agreement. The plea does not allege the execution of any agreement indicating the imposition of conditions upon the operation of the notes other than that a copy of which is made Exhibit A, and which is the agreement above referred to. It is not averred that the notes themselves contained any stipulation that they were to take effect only upon compliance with certain conditions. If the notes were conditional obligations, they would not correspond with the description thereof in the complaint. The plaintiffs sued on unconditional promises to pay. As no issue was made as to the description in the complaint of the notes sued on, it is to be taken as admitted that the alleged conditions were not expressed therein.

Of course, the defendant and the plaintiffs could waive the conditions upon which, by the terms of said original agreement, the notes were to be executed and accepted. So far as the conditions were of benefit to plaintiffs, they were waived by acceptance of the notes, evidencing an extension, without requiring that the other creditors join in the scheme of extension. The advantage to be secured to the defendant by the carrying out of the agreement was the postponement of the time of payment of all his debts. His waiver of this condition in his favor was shown by the delivery of the notes to the plaintiffs, without requiring that the other creditors agree to the proposed extension. So far as the conditions were concerned, the contract was practically abandoned on both sides. The requirements thereof were not insisted upon by either party. Notwithstanding the averment in the plea of a contrary conclusion, the acts of the parties as alleged by the pleader can not be reconciled with the claim that there was an insistence upon the terms of the agreement. The execution and acceptance of the notes, in the circumstances alleged, necessarily involved a waiver of the conditions precedent expressed in the agreement. No conditions subsequent were mentioned therein. As there was no averment of the execution of any other agreement, the plea can not be construed as stating anything more than the existence of an understanding that the notes in the hands of the plaintiff should be subject to a condition subsequent of like import as the

condition precedent provided for by the original agreement. In other words, the contention is, that the agreement governed a transaction wholly different from that contemplated by its terms. The defendant, by his plea, proposed in effect to show, by mere reference to an agreement which called for nothing of the kind, that the notes were delivered to the plaintiffs in escrow. This could not be shown. It is not competent to prove that a bill or a note was delivered to the promisee as an escrow, for the evidence would be repugnant to the act.—*Massman v. Holscher*, 49 Mo. 87; *Jones v. Shaw*, 67 Mo. 667; *Badcock v. Steadman*, 1 Root (Conn.) 87; *Hargrave v. Melbourne*, 86 Ala. 270; 1 Daniel on Negotiable Instruments, § 68; 2 Amer. & Eng. Encyc. of Law, 343. As the notes themselves expressed no conditions limiting their operation, they were legally incapable of explanation, contradiction or modification, by parol evidence.—*Day v. Thompson*, 65 Ala. 269. And as the plea did not allege the execution of any agreement other than the original one above referred to, it was incompetent to prove by parol the existence of an understanding that the terms thereof should apply to acts performed in disregard of all of the conditions expressed therein, to the end that the notes be treated as having been delivered in escrow.—*Dexter v. Ohlander*, 89 Ala. 262. The plea amounting to no more than a proposition to make such proof, the 7th ground of demurrer was properly sustained.

Affirmed.