# Southern Cotton Oil Co. *v.* Bass, *et. al.*

### Action for Breach of a Bond.

1. *Action on agent's bond; admissibility of parol evidence to show terms of employment.*—In an action on an agent's bond, conditioned to account to his principal for moneys coming into his hands, as such agent, during the time he is in the principal's employment, the terms of his employment, though unknown to the sureties when they signed the bond, may be proved by parol, to show the extent of the default of the agent.

2. *Same; when judgment proper in favor of one of the sureties.*—When, pending a suit upon a bond, seeking to recover for its breach, one of the sureties pays to the plaintiff an amount equal to his *pro rata* liability, and no judgment is sought against such surety, said surety is entitled to a verdict in his favor, and it is proper for the court to so instruct the jury.

Appeal from the City Court of Talladega.

Tried before the Hon. John W. Bishop.

This is an action by the Southern Cotton Oil Company, a corporation, for one thousand dollars damages for the breach of a bond made by T. H. Bass, as principal, and B. L. Gaddis, Wm. Lane and R. T. Hobson, as partners under the style of Lane & Hobson, as sureties, all of said parties being defendants. It was brought in the city court of Talladega, August 31, 1895, and a verdict rendered in favor of the defendants on March 18, 1896, the affirmative charge, asked by them, being given.

The facts of the case pertaining to the rulings reviewed on the present appeal, are sufficiently shown in the opinion.

Fred S. Ball, for appellant.—The court erred in sustaining the objections to the introduction of the evidence to show the terms of Bass's employment.—24 Amer. & Eng. Encyc. of Law, 793.

J. W. VANDIVER, *contra.*—All previous or contemporaneous verbal stipulations are presumed to be merged in a written contract. Between the parties, or privies, parol evidence of them is inadmissible to alter, vary or contradict the writing.—*Cargile v. Ragan*, 65 Ala. 287; *Mayrant v. Marston*, 67 Ala. 453; *Rogers v. Peebles*, 72 Ala. 529; *Crescent Co. v. Handley*, 90 Ala. 486. The surety is bound only by the letter of the bond.—2 Brick. Dig., 374, § 18; *Anderson v. Bellenger*, 87 Ala. 334; *Montgomery v. Hughes*, 65 Ala. 201. A surety is not liable for the past default of his principal, unless made so by special contract.—24 Amer. & Eng. Encyc. of Law, 751; *Saint v. W. & W. Manfg. Co.*, 95 Ala. 362.

COLEMAN, J.—The defendants (appellees) executed their bond in the sum of one thousand dollars, payable to plaintiff, conditioned "that whereas the said T. H. Bass has been appointed the agent of the Southern Cotton Oil Company, for the purpose of purchasing for said company cotton seed and other products to be delivered to said company; now if the said Bass shall well and truly account to the said company for all moneys coming into his hands as such agent and for all property which he purchases for said company, then the obligation to be null and void, otherwise to remain in full force and effect." The action was founded upon an alleged breach of the condition of the bond. The complaint set out different sums of money remitted to Bass, amounting in the aggregate to seven hundred and ninety dollars, for the purpose of purchasing seed and other products, and averred his failure and refusal to account for the same, &c. The plaintiff introduced parol evidence to show the terms of the employment of Bass, as their agent, in which he agreed to execute the bond. This evidence showed that plaintiff agreed to furnish the money to purchase cotton seed and other products, that Bass was to be allowed a commission of 33⅓ cents per ton for cotton seed, but that his first commissions were to be applied in satisfaction of a balance of $147.75, due on purchases the preceding year. This evidence also showed that plaintiff had remitted to Bass $790. The sureties on the bond objected to the admission of any parol evidence showing the terms of such employment of Bass, on the ground, "that the bond itself contained

all the evidence of their agreement and liability," and upon the further ground that they had no notice of the terms of his employment when they executed the bond. The court sustained the objection, and refused to allow it, as evidence against the sureties. We are at a loss to understand upon what principle the court sustained the objection, and are equally at a loss to understand, under the facts of the case, why the sureties should have raised this objection. Without proof of the terms of the employment, by which Bass was allowed a commission of 33⅓ cents per ton for cotton seed, he and his sureties would be liable on the bond for all the money received by him. The plaintiff made no statements to the sureties, nor had any transaction with them. The plaintiff required of Bass a bond and furnished him with a blank. If these sureties saw proper to sign the bond of Bass, without any inquiry as to the terms of his agency, that was a matter which concerned them only. Plaintiff had the right to show the terms of the agreement with Bass, in order to show the extent of his default, and he and his sureties were bound by their obligation to make it good. This error of the court must reverse the cause.

There are other errors in the record, but we do not see how they can arise again as they relate to the conditions brought about by the erroneous exclusion of the evidence adverted to.

It seems that pending the proceedings, one of the sureties, Gaddis, paid to plaintiff an amount equal to his *pro rata* liability, which was received in satisfaction of his liability. No judgment was sought against this defendant, and the court very properly directed a verdict in his favor.

Reversed and remanded.