# Town of Brewton *v.* Glass.

*Action on a Bond issued by a Municipality.*

1. *Bond of municipality; when transferable by mere delivery.*—Bonds issued by a municipality under legal authority and payable to bearer, are, under the provisions of the statute (Acts of 1888-89, p. 110; Code of 1896, § 875) transferable by delivery merely, and such transfer passes the legal title.

2. *Contracts; parol evidence inadmissible to vary or change terms.*— When a contract is reduced to writing all oral agreements, whether prior or cotemporaneous, are merged in it; and parol evidence of such agreements can not be received to vary or alter the legal import of the writing.

3. *When bill of exceptions does not purport to set out all of the evidence; presumption on appeal.*—When a bill of exceptions does not purport to set out all the evidence in a case, it will be presumed on appeal that there was evidence supporting the general affirmative charge given by the trial court.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. N. D. DENSON.

This was an action brought by the appellee, Adam Glass, against the town of Brewton, and counted upon two interest coupons attached to a bond, which had been issued by the defendant. Issue was joined upon three pleas. The first was *non est factum*; and the other pleas were special pleas. The first of these special pleas,

(that numbered 1), sets up the purposes for which the enabling statute authorized the bond here sued on to be issued; the manner in which, and the terms upon which, the same might be disposed of, and avers that the mayor and councilmen issued said bond for an unauthorized purpose, towit, to pay for an electric light plant, and disposed of the same in an unauthorized manner, in that the bond was delivered to one Turner to be held for a given time with authority to hypothecate the same, and that the bond was hypothecated to plaintiff to secure a debt then due by Turner to plaintiff, and that plaintiff had notice of all the facts alleged. All of these relevant and material facts are alleged in the conjunctive form in said plea.

The other of these pleas, special plea No. 2, in effect avers that Turner made a written contract with defendant on a certain named day to build a system of water works and electric lights, a copy of such contract being attached to said plea as an exhibit and made a part thereof; that said contract was reduced to writing and signed by the parties with the express understanding that it was not to be binding until Turner should give bond for its faithful performance; that Turner failed to furnish said bond or build the improvement; that Turner obtained possession of the bond here sued upon by fraud; that plaintiff knew all the terms of said written contract when he obtained the bond sued upon, and also knew that Turner claimed to have received the same under the terms of said written agreement. All of these allegations are made conjunctively.

The evidence tended to show that the plaintiff obtained the bond to which the coupon sued on was attached from one J. H. Turner; that said Turner claiming to represent himself and others, proposed, in April, 1892, to build a system of water works and an electric light plant for the defendant for bonds which were authorized to be issued by the act of the General Assembly of Alabama, approved February 14, 1891, (Acts, 1890-91, p. 707–709), and had received the bond in question from the mayor of the town of Brewton in consideration of that proposition. The bond and coupon were offered in evidence. The bond and coupon were made payable to bearer, and neither was indorsed by J. H. Turner or by any one else. The defendant objected to the introduc-

tion of the bond and coupon in evidence, because they were not indorsed to plaintiff so as to authorize him to bring this action. The court overruled the objection, and the defendant duly excepted.

The defendant introduced evidence tending to show that at the time of the negotiation for the issuance of the bonds Turner, in payment of his building the water works and electric light plant, the plaintiff in this case was present and participated in such negotiations, and then offered to show by its witness that when the paper called the Turner contract was signed, that it was expressly understood and agreed, verbally, that it was not to be binding or of any validity until the said J. H. Turner should file a security bond in the sum of five thousand dollars for the faithful performance of the terms thereof with the Mayor of Brewton and approved by him, and that said Turner had never made and filed such bond. The court refused to allow the introduction of such evidence, and to this ruling the defendant duly excepted.

There was evidence that said Turner commenced work in Brewton shortly after April 14, 1892; that he commenced boring a well and the work was discontinued before going two hundred feet; that he had a dynamo and some piping shipped to Brewton but the same was carried away without being used. It was also shown that J. H. Turner obtained the bond in question from C. F. Rankin, mayor, who testified that he signed the same and delivered it to Turner without any other authority for its signing and delivery than was given in the record of the council meeting held on April 14, 1892, the minutes of which were introduced in evidence and were in words and figures as follows: "Brewton, Ala., April 14, 1892. The council met in special session. His Honor, the Mayor, in the chair. All the councilmen present except Mr. Davison. On motion the following resolution was ordered spread on the minutes of the council, viz.: The town council of the town of Brewton, by resolution instructed and empowered Charles F. Rankin, mayor of said town, to execute a contract in the name of and in behalf of said town of Brewton with J. H. Turner & Co. for the erection of electric lights and Water Works for said town, which contract when executed is to be presented to said town council for their

ratification and adoption ; and said contract having been executed in pursuance of said resolution, and now being presented to said town council, be it resolved, that the said contract executed and presented by C. F. Rankin, mayor of said town, be and the same is hereby ratified and adopted.

"On motion an order was passed to issue $25,000 in bonds of the town in accordance with an act of the Legislature of the State of Alabama. On motion the Mayor was authorized to contract for the printing and lithographing of the bonds ordered issued. On motion the Mayor and councilmen Mayo and Arnold were appointed a committee to locate and purchase a suitable lot for the location of water works and electric light plant. On motion the council then adjourned. Approved June 3, 1892. T. S. Sowell, clerk."

The plaintiff testified that he never read the agreement between Turner and the town of Brewton ; that he was not interested with Turner in the matter, and that he paid Turner nine hundred dollars for the bond. There was no statement in the bill of exceptions, that it contained all the evidence.

At the request of the plaintiff, the court gave to the jury the general affirmative charge in his behalf, and to the giving of this charge the defendant duly excepted.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the rulings of the court upon the evidence, and the giving of the general affirmative charge in behalf of the plaintiff.

DAVISON & SMITH, for appellant, cited *Town of Brewton v. Spira*, 106 Ala. 229 ; *E. T. V. & G. R. R. Co. v. Thrvaville*, 97 Ala. 122 ; *Payne v. Mathis*, 92 Ala. 585 ; 1 Brickell's Digest, 862, § 834 ; 1 Greenleaf on Evidence, (15 ed.), 383.

T. M. STEVENS and PILLANS, TORREY & HANAW, *contra*. Municipal bonds, with coupons payable to bearer do not require an indorsement to pass the legal title. Mere delivery is sufficient.—*Ottawa v. National Bank*, 105 U. S. 342 ; *Roberts v. Bolles*, 101 U. S. 119 ; *Humbolt v. Long*, 92 U. S. 642 ; *Lexington v. Butler*, 14 Wall. 282 ; *White v. V. & M. R. R. Co.*, 21 How. 575 ; *Thomson v. Lee County*, 3 Wall. 327.

[Town of Brewton v. Glass.]

Parol testimony is not admissible to show that a written contract, absolute on its face, and duly signed and delivered, was not to be binding except upon the happening of some future contingency.—*Graves v. Fite*, 93 Ala. 405; *Howorth v. Norris*, 10 So. Rep. (Fla.) 18; *Griel v. Lomax*, 86 Ala. 132; *Dexter v. Ohlander*, 89 Ala. 262; *Wurtzburger v. Anniston Rolling Mills*, 94 Ala. 640; *Wright v. Graves*, 80 Ala. 416.

BRICKELL, C. J.—1. The precise objection taken to the introduction in evidence of the bond and coupons, was, that they were not indorsed by Turner, from whom the plaintiff acquired them. If the instruments were payable to Turner, the objection would have been well taken. But they are payable to bearer, and it is an elementary rule of the law merchant, that a bill or note payable to bearer may be transferred by mere delivery. 1 Dan. Neg. Ins., § 663. The act authorizing the issue of the bonds, declares expressly that they shall have " the properties and protection of commercial paper; " and if there is any reasonable doubt, whether it conferred power to make them payable to bearer, the power is conferred by the act of February 28th, 1889, amendaatory of section 1761 of the Code of 1886, (Code of 1896, § 875). That act provides, that all bonds issued by the State, or any county, or municipality thereof, or by any corporation, under authority of law, may be made payable to bearer, and shall be negotiable without indorsement, except such as appear on their face to be registered.—Pamph. Acts, 1888–89, p. 110; Code of 1896, § 875. The objection was properly overruled.

2. The parol evidence, that at the time of the execution of the contract in writing between Turner and the defendant, Turner agreed to execute bond with surety, in the sum of five thousand dollars for faithful performance of the contract on his part, was properly excluded. It would have introduced a new term into the contract, offending the familiar rule, that "when a contract is reduced to writing, all oral agreements, whether prior or contemporaneous, are merged in it, and considered as waived; and parol evidence of them cannot be received to vary the legal import of the writing. *Wurtzburger v. The Anniston Rolling Mills*, 94 Ala. 640; *Garner v. Fite*, 93 Ala. 405.

3. The bill of exceptions does not purport to set out all the evidence, nor is there material conflict in the evidence which is shown. In this state of the evidence, an appellate court indulges the presumption that there was evidence supporting the general affirmative charge.—1 Brick. Dig. 337, § 30; 3 Brick. Dig. 110, § 54. Independent of this consideration, all the material questions of the case were decided adversely to the defendant in *Town of Brewton v. Spira,* 106 Ala. 229.

We find no error in the record, and the judgment of the court below must be affirmed.

Affirmed.