# Bank of Cartersville *v.* Gunter.

## *Assumpsit.*

(Decided April 7, 1912.   58 South. 757.)

1. *Bills and Notes; Conditional Delivery; Evidence.*—Under section 4973, Code 1907, the delivery of a note may be shown to have been conditional, or for a specific purpose only as between the parties, and all others not bona fide holders.

2. *Same; Right of Holder; Plea.*—In an action by an endorsee of a note, a plea asserting that the endorsee is not a bona fide holder for value in due course, and that the note was delivered to the payee on conditions specified, and that it should not be effective until the conditions were complied with, and that the payee negotiated it with a view of collecting it without complying with the conditions, states with sufficient clearness that the note was delivered to the payee in escrow, and that the title to the instrument never vested in him, and the maker may defeat a recovery by the endorsee under the provisions of section 4973, Code 1907.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by the Bank of Cartersville against W. A. Gunter. From a judgment for defendant, plaintiff appeals. Affirmed.

The action was on a promissory note alleged to have been executed by Gunter to one J. T. Norris, receiver, etc., which note before maturity was indorsed to plaintiff.

Plea 2 is as follows:

"Defendant says the plaintiff ought not to have or maintain this action, because the note sued on was delivered to the payee thereof, one J. T. Norris, as receiver, upon condition that he would obtain an agreement from parties for whom he had, in and as part of this same transaction, collected money from this defendant, to refund to this defendant the sum of $968, with interest of the money received from this defendant by one J. T. Norris, the payee in said note, in the event this defendant should be required to pay said sum of $968 and interest, to one J. W. Dimmick, and that said note was not to be effective to charge such defendant unless and until said condition was complied with; that the said Norris, the payee of said note, fraudulently retained the said note, and fraudulently negotiated the same to the plaintiff in this case, with the view and purpose of collecting the said note of $500, sued on in this case, out of this defendant, without in any manner complying with

[Bank of Cartersville v. Gunter.]

the said agreement and understanding to deliver to this defendant an agreement 'to refund to him 'the said amount of $968 and interest, which said sum of $968 this defendant has been required to pay, and is liable for, and can only be protected against the same by not paying the said note for $500 so obtained from him fraudulently as aforesaid; and the defendant says that plaintiff is not a bona fide purchaser for value of said note in due course."

The demurrers were that the plea attempts to set up a conditional delivery of the note to the payee thereof, fails to set out facts showing that the consideration has failed in whole or part, fails to allege that the defendant has paid the $958 mentioned, and seeks to altar, vary, or contradict the terms of the written agreement; that the facts alleged do not constitute fraud; that the facts set up constitute an independent agreement, and not a dependent agreement, a breach of which would constitute a defense to the note, fails to allege that the condition upon which the note was delivered was in writing, fails to show that the note would be unenforceable in case Norris could not perform the conditions mentioned and fails to show that the $958 paid by defendant to Norris, or other parties, was wrongfully paid.

ARRINGTON & HOUGHTON, for appellant. The court erred in overruling demurrer to plea 2.—*Fireman's Ins. Co. v. McMillan*, 29 Ala. 147; *Guild v. Thomas*, 54 Ala. 414; *Garner v. Fite*, 93 Ala. 405; *Leftcovitch v. 1st Nat. Bank*, 152 Ala. 621; *Guice v. Thornton*, 76 Ala. 466. The court erred in admitting evidence of the delivery in escrow to the payee.—*F. I. Co. v. McMillan, supra*; *Williams v. Higgins*, 69 Ala. 517; *Guice v. Thornton, supra*.

TYSON, WILSON & MARTIN, for appellee. The judgment of the court on demurrers to the plea and in the admission of the evidence was free from error.—3 Brick: Dig. 413; *Huckabee v. Shepherd,* 75 Ala. 342; *Bookstaver v. Jayne,* 60 N. Y. 150; 1 Greenl. 284-a; *Ramsey v. Young,* 69 Ala. 157; *Guice v. Thornton,* 76 Ala. 472; *Reynolds v. Robinson,* 110 N. Y. 654; *Jordan v. Loftin,* 13 Ala. 547; *Morgan v. Smith,* 29 Ala. 283; *Hooper v. Eiland,* 21 Ala. 714; *Murchie v. Cook,* 1 Ala. 41; *Simonton v. State,* 1 Ala. 357; *Corbin v. Sistrunk,* 19 Ala. 207; Section 4793, Code. 1907. The great weight of authority in this and other jurisdictions sustain the action of the court.

DE GRAFFENRIED, J.—It is evident from the express language of section 4973 of the present Code that as between the parties and all others not bona fide holders of negotiable instruments the delivery of such an instrument may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument. This section is as follows: "Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting, or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him, is conclusively

[Beecher v. Henderson, et al.]

presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

Plea 2, in express terms, states that the plaintiff did not occupy the position of a bona fide purchaser for value of the note sued on in due course, and, construed intelligently, the plea brings the instrument directly within the operation of the above statute. In our opinion, plea 2, construed most strongly against the pleader, states with sufficient clearness that the note was delivered to the payee is escrow, and that the title to the instrument had never vested in the payee. We are therefore of the opinion that the trial court committed no error in overruling plaintiff's demurrer to said plea.

The above being true, the judgment of the court below must be affirmed.

Affirmed.