(78 South. 915)

FERLESIE et al. v. COOK. (6 Div. 742.)

(Supreme Court of Alabama. April 18, 1918.)

1. EXCHANGE OF PROPERTY &8(3)—ACTION FOR BREACH—COMPLAINT—SUFFICIENCY.

In an action for breach of contract to exchange realty and assume certain indebtedness, a complaint which did not state the nature of the breach, what provisions were breached, that plaintiff had complied with the provisions, or negative a breach by him before defendant's breach, was insufficient.

2. CONTRACTS &348 — BURDEN OF PROOF — PLEA OF NON EST FACTUM.

In action for breach of contract, a plea of non est factum by one defendant placed burden on plaintiff to prove the execution of the contract by such defendant.

3. EVIDENCE &222(10)—STATEMENT OF CODEFENDANT—ADMISSIBILITY.

The statement of one defendant, in the absence of the other, to a third person, that the other had signed the contract, while possibly admissible to contradict the witness, was incompetent to establish the fact that the other signed the contract.

4. CONTRACTS &221(2)—CONDITIONS—SIGNATURES.

In action for breach of contract, where it was understood that the contract was not to become effective against defendant unless another executed it, there could be no recovery if the other failed to execute it.

5. TRIAL &240 — ARGUMENTATIVE INSTRUCTIONS—REFUSAL.

An instruction that if the agreement was not to become effective unless executed by defendant's mother, and she did not execute it, the jury must find for defendant, was not argumentative.

6. TRIAL &260(9) — INSTRUCTIONS ALREADY GIVEN.

Neither was such instruction covered by defendant's given instruction that the burden of proof was upon plaintiff to reasonably satisfy the jury that defendant's mother executed, or authorized the execution of, the alleged contract.

7. EXCEPTIONS, BILL OF &22—INCORPORATING DOCUMENT.

A lengthy document, offered in connection with the motion for new trial, regardless of whether it set up a good cause for a new trial, was properly incorporated in the bill of exceptions seeking to revise action on such motion.

Appeal from Circuit Court, Jefferson County; E. C. Crow, Judge.

Action by L. E. Cook against F. Ferlesie and another on a contract. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The complaint is as follows:

Plaintiff claims of defendant the sum of $5,000, for that on or about June 12, 1915, defendant made and entered into a contract, as shown by Exhibit A to this complaint, which is made a part hereof; and plaintiff avers that since making said contract he has at all times been ready to carry out the provisions thereof, and that he has offered to perform his part thereof, but that defendants have persistently refused to perform their part of said contract, and that as a proximate consequence thereof plaintiff has been greatly damaged, and caused to spend much time and lay out large sums of money and incur heavy liability in and about

his efforts to perform his part of said contract; and he avers that by reason of the breach of said contract by defendants he has sustained damages in the amount sued for.

Count 2: Plaintiff claims of defendant the like sum of $5,000 as damages for the breach of a certain contract entered into by and between plaintiff and defendant on or about June 12, 1915, a copy of which is made Exhibit A to complaint.

The contract was a proposition by defendants to plaintiff, which was accepted by plaintiff, to exchange certain real estate between them, and to assume certain indebtedness.

The following is charge 5, refused to defendant:

If the jury believe from the evidence that said agreement was not to become effective unless executed by Josephine Ferlesie, and that said Josephine Ferlesie did not execute, either herself or by any one authorized by her in her behalf, then you must find for defendant.

Charge 7, given for defendant, was to the effect that the burden was upon plaintiff to reasonably satisfy the jury that Josephine Ferlesie executed, or authorized the execution of, said alleged contract of trade.

The contract made Exhibit A to the complaint, or rather the accepted proposal, was signed by F. Ferlesie and Guiseppa Ferlesie.

W. P. McCrossin and George E. Bush, both of Birmingham, for appellants. Arthur L. Brown, of Birmingham, for appellee.

ANDERSON, C. J. [1] The trial court erred in not sustaining the defendants' demurrer to the complaint. Neither of the counts defines or specifies the nature and character of the breach, or what provision of the contract was breached. From aught that appears, the defendants may have failed to convey, may have failed to furnish an abstract, or may have conveyed, but did not have, a merchantable title. Moreover, the second count fails to aver a compliance, by the plaintiff, with the provisions of the contract, or to negative a breach by him before the defendants breached the same. It neither avers a performance by the plaintiff nor a readiness and willingness to do so. See form 9, p. 1194, of the Code of 1907; Long v. Addix, 184 Ala. 236, 63 South. 982.

The record does not support the appellants' second assignment of error; it shows that the demurrer to defendants' plea 1 was overruled, and not sustained, as set out in the said assignment of error.

[2, 3] While this case must be reversed upon the pleading, it is not amiss to state that the plea of non est factum, by the defendant Ferlesie, the mother, placed the burden of proof upon the plaintiff to prove the execution by her of the contract. The plaintiff's evidence, not only failed to establish this fact, but the defendants' evidence showed that she did not sign the contract, and

the same should have been excluded, so far as it applies to her, upon her motion to exclude. The statement of the other defendant to Carter that his mother had signed the contract, not having been made in her presence, was not evidence against her that she had. It may have been admissible to contradict the witness, who testified that the mother did not sign the contract; but it was no evidence to establish the fact that she did sign same.

[4-6] The trial court also erred in refusing the defendants' requested charge 5. While Carter contradicted the fact, the defendant F. Ferlesie testified that it was distinctly understood that the contract was not to become effective unless his mother joined in it. Nor do we think that the charge was argumentative, or covered by the defendants' given charge 7. They involve entirely different propositions; one deals with the burden of proof, and the other deals with the result or effect of certain hypothesized facts.

[7] As this case must be reversed, it is unnecessary to pass upon the motion for a new trial; but as counsel has moved to strike the bill of exceptions, because it contains quite a lengthy document, it is sufficient to say that the same was offered in connection with the motion, and, whether it did or did not set up a good cause for a new trial, it was properly incorporated in the bill of exceptions, when seeking to revise the action of the trial court upon said motion.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.