(126 So. 631)

### JAMES v. CORTRIGHT et al.

I Div. 573.

Supreme Court of Alabama.

Jan. 23, 1930.

Rehearing Denied March 20, 1930.

J. G. Bowen, of Mobile, for appellant.

Jesse F. Hogan, of Mobile, for appellees.

THOMAS, J.

The suit originated in the inferior court of Mobile county, and there was judgment against L. M. Roberts and Russell Cortright, and there was motion to abate the action on the ground that the lease was executed on the condition precedent, and judgment was rendered therein in favor of plaintiff; defendants appealed to the circuit court.

In the last named court defendant Russell Cortright filed pleas 1, 2, 3, and 4 to the amended complaint. The court heard demurrers thereto and overruled same to pleas 3 and 4. Plea 4 was non est factum; and plea 3 set up as defense that "at the time said Russell Cortright made said agreement he expressly stipulated as a condition precedent that said agreement should not be binding upon this defendant unless the plaintiff should cause certain repairs to be made upon said premises prior to the first day of November, 1928; that said repairs were as follows, viz.: That the plaintiff should repair the roof so that it would not leak, and would re-paper the rooms constituting the west apartment, and that upon this condition precedent this defendant signed a lease with the said L. M. Roberts for said premises for the term of one year from to-wit, the first day of November, 1928 to the 31st day of October, 1929, but that the plaintiff wholly failed to com-plete said repairs prior to the 1st day of November, 1928, and did not make them until long after said date. Wherefore said lease is void as to this defendant."

The evidence offered in support of or touching upon plea 3 was by defendant Roberts, saying he was present when Cortright signed the lease; that he never occupied the premises or a part thereof, the west side; that witness occupied the east side apartment and did not occupy the west side apartment.

Appellee as a defendant, testified that he went to Foreman & Meador, on or before November 1st, 1928, to see about renting the apartment; that the landlord Mrs. James was not present; that the lease was signed in the office of that agency; that before he signed the lease and when he signed the lease he made a statement "about the conditions upon which he (it was) signed it;" and, in response to the question, "Tell the jury what that was," he replied: "I asked the fellow I was signing the lease for—I don't know what his name was, was he sure that this place was going to be repaired and ready for me to move into by the first of November and he said: 'Yes,' and I said: 'If you don't promise me this I am not going to sign,' and he said: 'It would be fixed up by the first of November, Sign here.' "

Further questions propounded to defendant Cortright, and the answers thereto are:

"Ques.: Did you stipulate how the premises should be fixed up in that conversation? The witness answered, Yes sir, before he ever went to making out the lease at all. I told him there were three rooms that needed to be papered and there was a leak around the chimney in the living room and the bathroom would have to be calcimined. * * *

"Ques.: State to the jury if anything you said about occupying the premises if those repairs were not made. Ans.: I told him I would not sign the lease until he promised me he would have those repairs done by Nov. 1st."

Timely objections, exceptions, and motions to exclude, were made and reserved by the plaintiff to adverse rulings of the court. Defendant Cortright testified to noncompliance with alleged conditions precedent, and that he never accepted or occupied the premises or any part thereof, and never ratified or acknowledged the binding effect of the contract, nor paid any rent thereon.

The judgment was for defendant on pleas 3 and 4. Plaintiff made motion to set the judgment aside and for a new trial on the same grounds of his specific objections to the evidence, overruling demurrers to pleas 3 and 4, and permitting Cortright to testify "to an alleged oral agreement between Cortright and some unnamed party of an alleged prior agreement between said defendant and said unnamed party prior to the execution

of the lease sued on." The several specific objections made by plaintiff to defendant Cortright's testimony were: "Because it seeks to vary the terms of the lease which speaks for itself;" because it is not "shown that he made it to anybody authorized to bind the plaintiff;" that the "bookkeeper of the agent would have no right to bind the plaintiff;" that it is not "shown that anybody acquiesced in that (agreement) for the plaintiff to make those repairs."

■ The motion to set aside the judgment was by both defendants, and will be considered as to defendant Cortright. As to his pleas, No. 4 was in Code form, and this ground of the motion was not good if either plea is free from demurrer. Globe & Rutgers Fire Ins. Co. v. Jones, 213 Ala. 656, 106 So. 172; Bobo v. Tally, 213 Ala. 83, 104 So. 32. The grouped assignments of error as to the ruling of demurrer on pleas 3 and 4 are not availing, since plea 4 was in Code form. § 9531, Code 1923.

An inspection of pleas 3 and 4 shows the latter was in Code form, and they were not inconsistent or repugnant. Ansley v. Piedmont Bank, 113 Ala. 467, 21 So. 59, 59 Am. St. Rep. 122.

In making his ruling, the trial court relied upon the decision in Ferlesie v. Cook, 201 Ala. 571, 78 So. 915; Langham v. Jackson, Supt. of Banks, 211 Ala. 416, 100 So. 757.

The real question of merit for review as to defendant Cortright is, whether or not he could plead and prove by parol evidence the condition precedent to the execution and delivery and binding effect of the lease contract, when he repudiated and never entered into the possession of the premises, and never ratified that contract?

In Formby v. Williams, 203 Ala. 14, 19, 81 So. 682, the authorities are collected on one phase of the question, execution, delivery and consideration. And in Phillips v. Sipsey Coal Mining Co., 218 Ala. 296, 305, 118 So. 513, it was declared that exceptions to the general rule, as to resorting to parol evidence as to written contracts, are to show the date, true consideration, and the fact of delivery vel non. 13 C. J. p. 564, § 532; Vincent v. Russell, 101 Or. 672, 201 P. 433, 20 A. L. R. 421, 444. The question of conditions precedent, etc., is discussed in Lowery v. May, 213 Ala. 66, 69, 104 So. 5; Bailey v. White, 3 Ala. 330; and the immediate question was touched in Metropolitan Life Insurance Co. v. Goodman, 10 Ala. App. 446, 453, 65 So. 449, and Blount County Bank v. Robinett & McCay (Ala. App.) 122 So. 802. There are many decisions as to the admissibility of parol evidence to show that a bill or note was given for special purpose, or was conditional, or not delivered. The rule presupposes a valid contract. Burke v. Dulaney, 153 U. S. 228, 14 S. Ct. 816, 38 L. Ed. 698.

The consideration may be shown, Cochran v. Burdick Bros., 7 Ala. App. 274, 61 So. 29; Jefferson County Sav. Bank v. Compton, 192 Ala. 16, 68 So. 261, and evidence that the instrument was not to become binding except upon the happening of a certain event or contingency, Walker v. Clay & Clay, 21 Ala. 797; Corbin v. Sistrunk, 19 Ala. 203; Cowles v. Townsend & Milliken, 31 Ala. 133; satisfactory recommendation not given, Barlow v. Flemming, 6 Ala. 146; Hopper v. Eiland, 21 Ala. 714; conditional delivery considered in Ex parte Goldberg & Lewis, 191 Ala. 356, 67 So. 839, L. R. A. 1915F, 1157; delivery in escrow as between the parties in Bank of Cartersville v. Gunter, 4 Ala. App. 539, 58 So. 757, and that the payee or holder was so advised at the time, etc., in Ex parte Goldberg & Lewis, supra, 191 Ala. 356, 67 So. 839, L. R. A. 1915F, 1157; and failure of consideration, Reader v. Helms, 57 Ala. 440; Parker v. Bond, 121 Ala. 529, 25 So. 898; Gillespie v. Hester, 160 Ala. 444, 49 So. 580; Cochran v. Burdick Bros., supra; Davenport & Harris Undertaking Co. v. Roberson, 219 Ala. 203, 121 So. 733, adverting to Garner v. Fite, 93 Ala. 405, 9 So. 367, and the effect of the statute, section 9044, Code.

In Garner v. Fite, supra, the conditions sought to be established and denied were conditions subsequent; so of Gliddens v. Harrison, 59 Ala. 481, and Rice v. Gilbreath, 119 Ala. 424, 428, 24 So. 421. In West v. Kelly's Ex'rs, 19 Ala. 353, 54 Am. Dec. 192, the note showed on its face that it was for professional services to be rendered, and the parol proof denied, was that it was the agreement that it should not be paid unless the payee "should be successful in the suit they were to bring." Davenport & Harris Undertaking Co. v. Roberson, 219 Ala. 203, 121 So. 733. It will be noted that section 9044, Code, was new to the Code of 1907, and is section 4973, Code of 1907, and Act of 1907, p. 660, § 16; it was construed in Davenport & Harris Undertaking Co. v. Roberson, 219 Ala. 203, 121 So. 733.

The effect of a valid condition precedent that affected delivery was recognized in the last cited authority. See 4 Jones on Evidence (3d Ed.) p. 3081; 20 A. L. R. 454. See, also, as to failure of delivery, Phillips v. Matthews, 205 Ala. 480, 88 So. 641; and as to the consideration, Wells v. Drane, 206 Ala. 583, 90 So. 898. The terms of an agent's employment, though unknown to surety, were held properly proved by parol evidence to show the extent of the default of the agent. Southern Cotton-Oil Co. v. Bass, 113 Ala. 603, 21 So. 227. See Barlow v. Flemming; Reader v. Helms, supra.

■ The plaintiff objected to the proof of said condition precedent (to execution and delivery of the lease and premises) by parol testimony upon the theory that it varied the terms of the written agreement. This theory was erroneous. The evidence was offered only

for the purpose of showing that there was no agreement and that the alleged lease never became effective, and not to vary the terms of the written agreement. Prof. Williston has written as follows (2 Williston on Contracts, p. 1227, § 634): "The parol evidence rule does not become applicable unless the parties have assented to a certain writing or writings as the statement of a contract between them. Accordingly it not only may be shown by parol evidence that a writing was never executed or delivered as a contract, or that assent thereto was impaired by fraud, illegality, duress, mistake, or failure of consideration, rendering the contract void or voidable; but also (if the writing is unsealed) that parties agreed by parol that the writing in question should not become effective until some future day or the happening of some contingency, if this is not inconsistent with the express terms of the writing."

The plaintiff also objected to such testimony because it was not made to appear that plaintiff's agent, who negotiated the alleged agreement, had authority to bind the plaintiff by an agreement to make any repairs. But this was a misapprehension of the effect of the testimony. The defendant did not seek to show an agreement to repair between the plaintiff and the defendant, but a stipulation by the defendant that the writing would not be binding upon him unless the plaintiff did make certain repairs before November 1, 1928. It made no difference whether the plaintiff agreed to make these repairs or not. She had the option of refusing to accept a contract on November 1st, upon the failure of the condition precedent. But if she accepted the contract she was bound by its condition. Langham v. Jackson, Supt. of Banks, 211 Ala. 416, 100 So. 757.

We find no reversible error, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and FOSTER, JJ., concur.