(129 So. 43)

## EDWARDS v. GORDON.

### 5 Div. 52.

Supreme Court of Alabama.

May 29, 1930.

Rehearing Denied June 26, 1930.

474

John A. Darden, of Goodwater, for appellant.

Pruet & Glass, of Ashland, for appellee.

THOMAS, J.

The cause originated in the justice court, was appealed and tried de novo in the circuit court. The pleadings were in short by consent.

When the facts are carefully considered, they are that one Franklin owned the fixtures and furniture in the café in question, and Mr. Gilliand was the owner of the building in which that business was being conducted: that Franklin sold his interest to the Meachans, and a purchase-money mortgage was given as security; and the purchasers thereafter failed in their payments, and sold or delivered their interest and possession to Gordon, the immediate vendor of appellant. It is further shown that appellee, Gordon, thereafter purchased other properties and brought the same into the café, which were apart from the purchase made by him from the Meachans. He executed a bill of sale to this part of the property to Edwards, the appellant. Gordon further claimed an interest or equity in the other property coming through the Meachans, and which interest he sold and conveyed to Edwards for $50.

It is further shown that appellant paid the sum of $10 "as a binder," and before final consummation of his purchase consulted with Franklin as to the extent of his ownership and lien; was specifically informed as to the articles, fixtures, and furniture which was subject to Franklin's mortgage.

The suit is upon the note given for the purchase of property which the Meachans had mortgaged to Franklin; sold and transferred to Gordon, and on which the latter made payments until he was prevented by garnishment at the instance of Franklin against Meachan & Son. The issue of fact, therefore, is whether or not Gordon had any interest in said property, covered by that bill of sale, that would support the consideration of the note for $50 executed to Gordon by Edwards and wife. Such was the controverted issue of fact that was duly submitted to the jury, which returned the verdict against defendant.

There was no fraud in the transaction that vitiated and prevented recovery on the note sued upon. The rule of our cases as to setting aside conveyances and contracts upon mere inadequacy of consideration is thus stated in McLeod et al. v. McLeod, 145 Ala. 269, 272, 40 So. 414, 117 Am. St. Rep. 41:

"Mere inadequacy of consideration is not a sufficient ground for setting aside and annulling a contract. As was said in Judge v. Wilkins, 19 Ala. 771: 'I follow the language of the authorities in saying that inadequacy of price, or other inequality in the bargain, is not within itself a sufficient ground to avoid

a contract in a court of equity, on the ground of fraud; for courts of equity, as well as courts of law, must act upon the ground that every person, who is not under some legal disability, may dispose of his property in such manner and upon such terms as he sees fit; and whether his bargains are discreet or not, profitable or unprofitable, are considerations not for courts of justice, but for the party himself.' 1 Story's Eq. 244; Adams, Eq. p. 392; Bolling v. Munchus, 65 Ala. 558; Goodlett v. Hansell, 66 Ala. 151; Malone v. Kelley, 54 Ala. 532."

The further words of Mr. Chief Justice Dargan in Judge v. Wilkins, 19 Ala. 772, are:

"There must be something else besides the mere inadequacy of consideration or inequality in the bargain, to justify a court in granting relief by setting aside the contract. *What this something else besides, the inadequacy* should be, perhaps no court ought to say, lest the wary and cunning, by employing other means than those named, should escape with their fraudulent gains. I, however, will venture to say, that it ought, in connection with the inadequacy of consideration, to superinduce the belief that there had been either a suppression of the truth, the suggestion of falsehood, abuse of confidence, a violation of duty arising out of some fiduciary relation between the parties, the exercise of undue influence, or the taking of an unjust and inequitable advantage of one whose peculiar situation at the time would be calculated to render him an easy prey to the cunning and the artful. But if no one of these appears, or if no fact is proved that will lead the mind to the conclusion, that the party against whom relief is sought has suppressed some fact that he ought to have disclosed, or that he has suggested some falsehood, or abused in some manner the confidence reposed in him, or that some fiduciary relation existed between the parties, or that the party complaining was under his influence, or at the time of the trade was in a condition, *from any cause*, that would render him an easy victim to the unconscientious, then relief cannot be afforded; for inadequacy of consideration, standing alone and unsupported by anything else, can authorize no court, governed by the rules of *the English law, to set aside a contract*."

And Mr. Chief Justice Stone, in a bill for rescission and cancellation, said (Wood v. Craft, 85 Ala. 260, 262, 4 So. 649):

"To justify the setting aside of a conveyance solely on the ground of inadequacy of consideration, it must be very marked,—so gross as to strike the understanding with the conviction that the transaction was not fair and bona fide. Pope v. Brandon, 2 Stew. 401 [20 Am. Dec. 49]; Bozman v. Draughan, 3 Stew. 243; Borland v. Mayo, 8 Ala. 104; Maull v. Vaughan [Vaughn] 45 Ala. 134;

Bunch v. Hurst, 3 Desaus. [S. C.] 273 [5 Am. Dec. 551]; Butler v. Haskell, 4 Desaus. [S. C.] 651; Neilson v. McDonald, 6 John. Ch. [N. Y.] 201; Dunn v. Chambers, 4 Barb. [N. Y.] 376; Gartside v. Isherwood, 1 Brown, Ch. 558; Keathcote v. Paignon, 2 Ib. 167. In Underhill v. Horwood, 10 Ves. 211, Lord Eldon said: 'If the terms are so extremely inadequate as to satisfy the conscience of the court that there must have been imposition, or that species of pressure on the party's distress, which, in the view of the court, amounts to oppression, the court will order the instrument to be delivered up.' This is a very accurate statement of the principle."

We have no such case. The evidence shows that Edwards was the active or acting party in concluding the sale and purchase of the two classes of personal property employed in that business; that he took separate transfers or evidences of ownership and conveyance of the respective interests or properties; that he fully investigated the extent of superior liens; spent the night with Franklin in making his own investigations of that mortgage; took an itemization or bill of the several articles that were subject to that lien. Thereafter appellee made good his $10 binder or conditional contract by the purchase from Gordon of the whole or several interests or properties in the café, with its two classes of property—that from Franklin and that purchased by the subsequent owners.

The finding of the trial court was to the effect that the contract sued on was fair, free, and not affected by fraud or deceit, was not unconscionable, and there was a sufficient consideration to support the note sued upon and to the extent of recovery had.

It is insisted the trial court committed error in admitting in evidence the bill of sale from the Meachans to Gordon, in that there were tendencies of evidence that the same was executed but not delivered. The fact of delivery vel non may be shown by parol (Soverign Camp. W. O. W. v. Hoomes, 219 Ala. 560, 122 So. 686; James v. Cortright, 220 Ala. 578, 126 So. 631), and it was a question for the jury. In this action there was no reversible error.

In declining to allow defendant to show by Franklin that defendant paid Franklin $35 on his mortgage, there was no error. This was another and superior debt and lien of which Edwards was informed before his purchase, and which he was seeking by said payments to discharge. The payments sought to be inquired about were not within, or credits on, the consideration for which the $50 note was given by Edwards to Gordon. There is not shown to have been a failure, as argued by appellant, of the Gordon note (Corbin v. Sistrunk, 19 Ala. 203), as to the consideration on which it rested (Bryant v. Bryant, 35 Ala. 315; James v. Cortright, 220 Ala. 578, 126 So. 631).

The jury question presented under the bill of sale from Gordon to appellant, employing the words, "The above interest and claim was sold and conveyed to J. L. Edwards, a promissory note for $50.00 payable December 1st, 1928, being given for same," was answered by the verdict for plaintiff, and supported the note.

The question to Edwards, as to whether or not there was any other consideration for the $50 note sued on, did not show a lack of consideration supporting the same; and the question of whether or not the property was thereafter taken from defendant's possession sought to present an immaterial inquiry of fact—that entering into or involving the strength or superiority of other title or liens in Franklin, the first mortgagee, as against the ultimate purchaser.

The fact or extent of Gordon's right, title, or interest in the property, or the two classes thereof, was properly submitted to the jury, and the oral charge was free from error, considered as a whole. The questions of fact that entered into and supported the consideration were decided for plaintiff by the jury; and there was no error in submitting conflicting tendencies of evidence to the jury. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

We find no error in the rulings of the trial court, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.