MADDOX, Justice.
This case concerns the construction of an indemnity agreement. The issue is whether the trial court erred by entering a summary judgment for the plaintiff, Auto-Owners Insurance Company, based on a holding that “[t]he evidence of prior condition precedent alleged by the defendant is inadmissible parol evidence.” Because we conclude that the defendant should have been allowed to submit parol evidence of the alleged condition precedent, we must reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.[1]
In August 1981, Bileco, Inc., and Duncan Construction Company, Inc., entered into a bonding arrangement with Auto-Owners. The Crum-James Company served as an intermediary for the bonding arrangement and worked out the details and brought the parties together. The bonding arrangement called for Auto-Owners to serve as surety for various project bonds required of Bileco and Duncan Construction. Bileco planned and developed various resort communities, beach condominiums, and other construction projects. Duncan Construction was a wholly owned subsidiary of Bile-co. Duncan Construction actually built the communities Bileco developed. It was a common practice for the buyers of, or investors in, these construction projects to require Bileco and Duncan Construction to obtain performance bonds to ensure that the projects would be completed.
*570 The bonding arrangement between Auto-Owners, Bileco, and Duncan Construction was evidenced by a written indemnity agreement. The indemnity agreement called for Auto-Owners to act as surety for Bileco and Duncan Construction’s projects, and for Bileco, Duncan Construction, and various individuals to indemnify Auto-Owners if Auto-Owners was required to pay on the bonds. Signing individually were: Winston Biggs, the chief executive officer of Bileco; Linda Biggs, Winston’s wife; Lonnie Flippo; Sheila Flip-po Bernauer; Florence Duncan; and John Duncan, the defendant/appellant.
In 1985, Bileco and Duncan Construction began a resort community project in Pensacola, Florida, called the Santa Rosa Dunes, Phase III. A contract was made with Builders Specialties Supply Company for supply and installation of windows and sliding glass doors. The project owner, Pilot Properties, Inc., claimed that Builders Specialties did inferior work, and Pilot offset the price of the project accordingly. Duncan Construction, in turn, refused to pay Builders Specialties all of the agreed contract price. Builders Specialties then sued Duncan Construction and Auto-Owners, as surety, for the withheld amount. John Duncan and the other indemnitees were notified of this initial suit and were given an opportunity to control or participate in the defense of the suit. John Duncan telephoned Auto-Owners’ attorneys and gave them helpful information concerning the suit, but never specifically stated that he wished to be involved in the defense. In June 1987, attorneys for Auto-Owners settled the suit with Builders Specialties, paying Builders Specialties some $31,000.
In a second lawsuit, the one before us, Auto-Owners sued John Duncan, under the terms of the indemnity agreement, and asked that John Duncan be required to indemnify it. Duncan Construction had been sold to another company, and Bileco, Biggs, and Flippo were all discharged from liability in bankruptcy. Thus, the only solvent indemnitors were the individual indem-nitors, John Duncan, Linda Biggs, and Sheila Flippo Bernauer. John Duncan im-pleaded Biggs and Bernauer.
John Duncan, in his answer to Auto-Owners’ complaint,[2] alleged that he was not liable under the indemnity agreement because, he claimed, there was a failure of a condition precedent. He claimed that an understanding existed between him and a representative of Crum-James that he would not be liable unless all the other signatories signed the indemnity agreement and unless all their signatures were genuine.[3]
After substantial discovery, Auto-Owners filed a motion for summary judgment. After considering submissions made by Auto-Owners and after hearing oral arguments on the motion, the court entered a summary judgment for Auto-Owners on the ground that the alleged condition precedent could not be proved by parol evidence. Pursuant to the provisions of Rule 54(b), Ala.R.Civ.P., the trial court made the summary judgment final, and John Duncan appealed.
Duncan argues that the trial court erred in entering the summary judgment for Auto-Owners because, he argues, a genuine issue of material fact exists— whether he and a Crum-James representative agreed that he would not be liable on the indemnity agreement until all the other indemnitors signed, and unless all of their signatures were genuine. In essence, Duncan is asserting that no contract existed.
The rule of law that this Court applies when reviewing a summary judgment has often been stated. When a summary judgment motion is filed, the movant bears the *571 initial burden of making a prima facie showing that no genuine issue of material fact exists and that he is entitled to a judgment as a matter of law. A.R.Civ.P. 56(c); Tripp v. Humana, Inc., 474 So.2d 88 (Ala.1985). Auto-Owners met this initial burden with its pleadings, the signed indemnity agreement, and various affidavits.
Once the movant meets his initial burden, the burden shifts to the nonmovant to rebut this initial showing by producing substantial evidence[4] creating a genuine issue of material fact, or by showing that the movant is not entitled to a judgment as a matter of law. Id. Because Duncan was not allowed to present parol or extrinsic evidence of his alleged condition precedent, he could not feasibly present substantial evidence creating a genuine issue of material fact. If, however, Duncan is correct in his argument that Alabama law permits the introduction of parol evidence to prove a condition precedent, then the summary judgment was not appropriate.
We have examined the law of Alabama and that of other jurisdictions and we find that in Alabama, as in a great number of other jurisdictions, a party can question the whole existence of a contract by alleging the failure of a condition precedent. See, A. Corbin, 3 Corbin on Contracts § 577 (1960); E.A. Farnsworth, Contracts § 7.4 (1982); W. Jaeger, Williston on Contracts § 631 (3d ed., 1961 & 1991 Supp.); White Sewing Machine Co. v. Saxon, 121 Ala. 399, 25 So. 784 (1899); James v. Cortright, 220 Ala. 578, 126 So. 631 (1930); Richard Kelley Chevrolet Co. v. Seibold, 363 So.2d 989 (Ala.Civ.App.1978) (parol evidence is admissible where there is doubt that a written agreement was intended to reflect the full agreement between the parties).
Applying these principles of law, and based upon the facts presented here, we conclude that the trial court’s refusal to allow Duncan to submit parol or extrinsic evidence was error. We, of course, express no opinion as to whether Duncan could have properly substantiated his claim of the alleged condition precedent, but, based on the authorities cited above, we hold that Duncan was entitled to try. Therefore, we must reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, HOUSTON and KENNEDY, JJ., concur.

. A second issue is argued on appeal: whether the trial court erred in failing to find a duty of good faith representation owed to John R. Duncan, the indemnitor. Although we need not address this issue, we note that Duncan cites no binding Alabama authority for his "good faith representation duty" theory. In fact, the general rule is that if an indemnitor is given notice of the initial lawsuit, and given an opportunity to defend the initial lawsuit, and the indemnitor refuses or fails to defend, “he is precluded from contesting the indemnitee’s liability in a subsequent indemnity or third-party action.” Watts v. Talladega Federal Saw & Loan Ass’n, 445 So.2d 316 (Ala.Civ.App.1984). It is undisputed that Auto-Owners’ attorneys wrote Duncan and gave him notice of the initial lawsuit and gave him an opportunity to participate in or control the initial litigation. Although Duncan contacted Auto-Owners’ attorneys, he did not choose to defend, or control the defense of, the initial lawsuit. The indemnity agreement specifically gave Auto-Owners the right to settle any litigation. Thus, Duncan cannot now contend that there was not a zealous defense of the lawsuit. In short, Duncan has failed to show a legally binding and cognizable duty on Auto-Owners' part.

. John Duncan pleaded several affirmative defenses in his answer and amended answer. In addition to the condition-precedent and good-faith-representation issues (see footnote 1, supra), he also asserted the statute of limitations, equitable estoppel, failure of consideration, and failure to state a claim upon which relief could be granted. None of these additional defenses is discussed on appeal. We assume, therefore, that they either were not pressed below or were waived on appeal.

. In an affidavit, and in her third-party answer, Shelia Flippo Bernauer stated that her signature was forged.

. Ala.Code 1975, § 12-21-12, requires a showing of “substantial evidence” in order to submit an issue to a jury. See, West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989), for a full definition of "substantial evidence."