Rocky EADY, Plaintiff,

v.

**BILL HEARD CHEVROLET COMPANY, Defendant.**

No. CIV.A. 03–A–389–N.

United States District Court,
M.D. Alabama,
Northern Division.

July 28, 2003.

John G. Smith, Tallassee, AL, for Plaintiff.

James R. McKoon, Jr., Phenix City, AL, for Defendant.

### MEMORANDUM OPINION
### and ORDER

ALBRITTON, Chief Judge.

This cause is before the court on the Defendant's Motion to Compel Arbitration (Doc. # 9), filed on May 21, 2003. In January of 2003, the Plaintiff negotiated the purchase of a new Chevrolet C–1500 pick-up truck with the Defendant. As part of the sale price, the Plaintiff traded in his 1995 Honda Accord. The contract for the sale of the pick-up was stamped with the following language: "THE SALE OF THE VEHICLE DESCRIBED IN THIS CONTRACT AND THE EXTENSION OF CREDIT IS SUBJECT TO FINAL CREDIT APPROVAL AND IS NOT VALID UNTIL SUCH APPROVAL." *See* Financing Forms, attached as an Exhibit to the Affidavit of Lynne Eady ("Eady Affidavit") (Doc. # 12). On January 31, 2003, the Plaintiff took possession of the new C–1500 pick-up, and the Defendant took possession of the Plaintiff's Honda Accord.

In late February or early March of 2003, the Defendant contacted the Plaintiff and informed him that there was "no sale." Eady Affidavit, ¶ 4. The Plaintiff was not approved for credit by the financing company. The financing company denied the Plaintiff credit for the following reasons: 1) the Plaintiff's prior bankruptcy, 2) delinquent payment of debts, and 3) the amount requested for financing was too great compared to the value of the collateral. The Defendant informed the Plaintiff that he must return the truck, and that he would owe nothing on the truck. The Plaintiff did so, and the Defendant returned the Accord to the Plaintiff.

According to the Plaintiff's wife, the Accord was in a "nasty" condition. Eady Affidavit, ¶ 6. The car had extensive damage, and, according to the Plaintiff's wife, it appeared as if someone had been living in the car. *Id.* The Plaintiff filed this lawsuit to recover for the damages to the Accord. The Defendant seeks to arbitrate the dispute based on the arbitration provision signed by the Plaintiff as part of the sales contract.

■ The arbitration provision states, in pertinent part:

> For an in consideration of the sale or lease of the Vehicle, it is agreed that any and all claims, demands, disputes, or controversies of every kind and nature, including, without limitation, the arbitrability of the dispute or issue, except as provided hereinafter, that may arise between the Dealer, its assignee, and Buyer concerning any of the negotiations leading to the sale, lease, or financing of the Vehicle, the terms and provisions of the sale, lease or financing agreement, arrangements for financing, purchase of insurance, purchase of extended warranties or service contracts, the performance or condition of the Vehicle, or any other aspects of the Vehicle and its sale, lease or financing shall be settled by binding arbitration conducted pursuant to the provisions of 9 U.S.C. Section 1 et seq. and according to the Commercial Rules of the American Arbitration Association.

Arbitration Agreement, attached as an Exhibit to the Eady Affidavit. The court need not look any further than the first line of the Arbitration Agreement, "[f]or and in consideration of the sale or lease of the Vehicle", to resolve the instant motion. The consideration for the Arbitration Agreement is the sale or lease of the Chevrolet pick-up truck. The sales contract was not a final and binding contract pursuant to the failure of the condition precedent that the financing for the truck be approved.

Under Alabama law, "a party can question the whole existence of a contract by alleging the failure of a condition precedent." *Duncan v. Auto–Owners Ins. Co.,* 592 So.2d 568, 571 (Ala.1992). In the instant case, there was a failure of a condition precedent to the contract, namely that the financing for the sale was not approved. The failure of a condition precedent renders the contract invalid, and, without a valid contract for the sale of the vehicle, there is no consideration for the Arbitration Agreement.

The court relies on *Ex Parte Payne,* 741 So.2d 398 (Ala.1999), for this conclusion. This case, cited by the Plaintiff and unchallenged by the Defendant, is on point with the facts of the instant case. In *Payne,* the buyer purchased a new Pontiac subject to the condition precedent that financing for her purchase be approved by the financing company. *Id.* at 400–01. As part of the consideration for her purchase, the buyer traded in her old car. *Id.* at 400. The dealership allowed the buyer to take the new Pontiac home after it allegedly told the buyer that the sale was final. *Id.* at 400–01. The financing company turned down the buyer's request for financing, and the dealership sought to have the buyer return the car. *Id.* at 401. During the period after the buyer was denied financing and the dealership sought to have the new Pontiac returned, both the new Pontiac and the buyer's trade-in vehicle were damaged. *Id.* After unsuccessfully trying to repossess the car, the dealership filed a detinue action against the buyer in Lee County Circuit Court. *Id.* at 401. The buyer counterclaimed for breach of contract, fraud, and deceit. *Id.*

The dealership sought to compel arbitration of the buyer's counterclaims. *Id.* at 402. The trial court granted the motion. *Id.* The buyer petitioned the Alabama Supreme Court for a writ of mandamus to challenge the trial court's order granting the motion to compel arbitration. *Id.* The Alabama Supreme Court, in granting the writ, stated: "It is undisputed that [the buyer's] credit application was not approved. Thus, the condition precedent did not occur, and, by the express terms of [the sales contract], no binding contract was created." *Id.* at 403. Without a valid contract, the arbitration provision could not be enforced. *Id.*

In the instant case, the failure of the condition precedent that financing be approved renders the contract for the sale of the pick-up invalid. Without a valid contract for the sale of the pick-up, there is no consideration for the Arbitration Agreement. Accordingly, the Arbitration Agreement cannot be enforced.

### ORDER

It is hereby ORDERED that the Defendant's Motion to Compel Arbitration (Doc. # 9) is DENIED.